This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: October 10, 2024**

**No. S-1-SC-39967**

**CITY OF LAS CRUCES,**

      Appellant,

v.

**NEW MEXICO PUBLIC REGULATION COMMISSION,**

      Appellee,

and

**EL PASO ELECTRIC COMPANY,**

      Intervenor-Appellee.

**In the Matter of the Application for
Approval of El Paso Electric Company's
2022 Renewable Energy Act Plan
Pursuant to the Renewable Energy Act
and 17.9.572 NMAC, and
Sixth Revised Rate No. 38-RPS Cost Rider,
NMPRC Case No. 22-00993-UT**

**APPEAL FROM THE NEW MEXICO PUBLIC REGULATION COMMISSION**

City of Las Cruces
Linda Samples, City Attorney
Las Cruces, NM
Stevens Law LLC
Anastasia S. Stevens
Santa Fe, NM

for Appellant

Erin Elizabeth Lecocq, Special Counsel Appellate Specialist
Santa Fe, NM, NM

for Appellee

El Paso Electric
Nancy B. Burns
Santa Fe, NM

Montgomery & Andrews, PA
Jeffrey J. Wechsler
Kari E. Olson
Seth C. McMillan
Santa Fe, NM

for Intervenor-Appellee

## DISPOSITIONAL ORDER OF AFFIRMANCE

**VIGIL, Justice.**

**{1}** WHEREAS, this matter having come before the Court upon appeal by the City of Las Cruces (CLC) from a final order of the New Mexico Public Regulation Commission (Commission or PRC) approving the 2022 annual renewable energy procurement plan of the El Paso Electric Company (EPE) under the Renewable Energy Act, NMSA 1978, §§ 62-16-1 to -10 (2004, as amended through 2021) (REA); and

**{2}** WHEREAS, CLC raises four issues on appeal—(1) the PRC erred in applying REA cost limitations to EPE's proposed large solar energy procurement project, (2) the PRC failed to include certain factors in the cost analysis of the project, (3) there was a lack of substantial evidence to support three different factual findings of the PRC because EPE did not satisfy the REA plan requirements articulated in 17.9.572.14(B)-(C)(8) NMAC and Section 62-16-4(G), and (4) the Commission violated CLC's due process rights by providing insufficient time to file exceptions to the Hearing Examiner's recommended decision; and

**{3}** WHEREAS, to overturn an order of the Commission on appeal, the appellant must demonstrate "that the order appealed from is unreasonable, or unlawful," NMSA 1978, § 62-11-4 (1965); and

**{4}** WHEREAS, to meet the statutory standard, this Court requires a showing that the order is "arbitrary and capricious, not supported by substantial evidence, outside the scope of the agency's authority, or otherwise inconsistent with law," *Pub. Serv. Co. of N.M. v. N.M. Pub. Regul. Comm'n*, 2019-NMSC-012, ¶ 12, 444 P.3d 460 (internal quotation marks and citation omitted); and

**{5}** WHEREAS, "[t]he party challenging the Commission's order has the burden of making this showing," *id.*; *see* § 62-11-4; and

**{6}** WHEREAS, "a decision is supported by substantial evidence when it is supported by evidence that is credible in light of the whole record and that is sufficient for a reasonable mind to accept as adequate to support the conclusion reached by the agency," *N.M. Indus. Energy Consumers v. N.M. Pub. Regul. Comm'n*, 2019-NMSC-015, ¶ 8, 450 P.3d 393 (internal quotation marks and citation omitted); and

**{7}** WHEREAS, in a whole record review, the Court does not reweigh the evidence and gives deference to the factfinder, *Bernalillo Cnty. Health Care Corp. v. N.M. Pub. Regulation Comm'n*, 2014-NMSC-008, ¶ 26, 319 P.3d 1284; and

**{8}** WHEREAS, "we view the evidence in light most favorable to the Commission's decision," drawing every inference in support of that decision, and we recognize that Commission "decisions requiring expertise in highly technical areas, such as utility rate determinations, are accorded considerable deference," *Pub. Serv. Co. of N.M. v. N.M. Pub. Regul. Comm'n*, 2019-NMSC-012, ¶ 14 (internal quotation marks and citation omitted); and

**{9}** WHEREAS, under the Court's deferential whole record standard of review, we conclude substantial evidence supports the PRC's final order and that CLC failed to meet its burden to show that the order is unreasonable or unlawful under Section 62-11-4; and

**{10}** WHEREAS, CLC concedes that there is evidence in the record to support that EPE did meet certain REA plan requirements under Section 62-6-4(G)(4); and

**{11}** WHEREAS, this Court therefore exercises its discretion under Rule 12-405(B)(1)-(2) NMRA to dispose of this case by nonprecedential order (where issues presented have been previously decided and substantial evidence disposes of the issue); and

**{12}** WHEREAS, this Court having reviewed the record and full briefing by the parties, and having considered the foregoing and being otherwise sufficiently advised,

**{13}** NOW THEREFORE IT IS ORDERED that in accordance with NMSA 1978, Section 62-11-5 (1982), the final order of the PRC is AFFIRMED.

**{14}** **IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Justice**

**WE CONCUR:**

**DAVID K. THOMSON, Chief Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice,**